UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUINTON COOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 16441 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| FIRST LIBERTY INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants Defendant First Liberty Insurance Corporation's motion to dismiss [6]. The Court dismisses Plaintiff Quinton Cooley's complaint without prejudice and terminates this case. See Statement.

## STATEMENT

On October 18, 2023, Plaintiff Quinton Cooley, proceeding *pro se*, filed this lawsuit against Defendant First Liberty Insurance Corporation ("Liberty") in the Circuit Court of Cook County, Illinois. Cooley raises claims arising out of Liberty's alleged handling of an insurance claim for an accident in which he was a passenger. Because Cooley asserts that Liberty violated 42 U.S.C. § 1981 in its processing of the insurance claim, Liberty removed the case to this Court based on 28 U.S.C. § 1331.

Liberty then filed a motion to dismiss on December 8, 2023. In its motion to dismiss, Liberty argues that it is not the proper defendant given that Liberty Mutual Personal Insurance Company issued the insurance policy on which Cooley bases his claims. Liberty also argues that Cooley has not sufficiently alleged any of his claims. The Court set a briefing schedule on December 19, 2023, with Cooley's response due on January 12, 2024 and a status hearing set for April 30, 2024 for ruling on the motion to dismiss. Doc. 10. Cooley did not respond, however. To ensure that Cooley had received notification of the briefing schedule, the Court issued a minute order on April 16, 2024 ordering Liberty and the Clerk of the Court to provide Cooley with additional notice of the April 30, 2024 hearing and instructions as to how to join it. Doc. 13. In that same order, the Court indicated that Cooley's failure to appear for the April 30, 2024 hearing may result in dismissal of his case for want of prosecution. *Id.* Despite these efforts to contact Cooley, Cooley did not appear for the April 30, 2024 hearing. Doc. 14. The Court set the hearing over to May 7, 2024, warning that Cooley's failure to appear would result in dismissal for want of prosecution. *Id.* Cooley did appear at the May 7, 2024 hearing. Doc. 15. The Court reset the briefing schedule on the motion to dismiss, giving Cooley until June 7, 2024 to respond and setting a ruling date of August 7, 2024. *Id.* The Court also ordered Cooley to file

an appearance in the case. *Id.* Cooley did not comply with the Court's orders, failing to file a response or an appearance to date.

"[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Despite having ample opportunity to respond to Liberty's motion to dismiss, Cooley failed to do so. His non-response "operates as an abandonment of any argument against dismissing the claims." *Sroga v. Rendered Servs. Inc.*, No. 19-cv-2299, 2019 WL 6173424, at *1 (N.D. Ill. Nov. 20, 2019) (granting motion to dismiss where pro se plaintiff failed to respond to the motion); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Therefore, the Court grants Liberty's motion to dismiss Cooley's complaint. The Court dismisses Cooley's complaint without prejudice and terminates this case.[1]

Date: August 5, 2024                                    /s/  Sara L. Ellis_____

---

[1] The Court notes that, although it dismisses the case without prejudice, if Cooley wishes to refile his claims, he should carefully consider whether he has a potential claim against Liberty or whether the proper defendant is instead Liberty Mutual Personal Insurance Company, which held the relevant insurance policy and handled Cooley's insurance claim.